IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH EDWARD STEWART,                           No. 2:12-cv-2464-CMK-P

      Plaintiff,

  vs.                                                              ORDER

SCOTT JONES, et al.,

      Defendants.

                                /

            Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.  Pending before the court is plaintiff's second amended complaint (Doc. 14).

            The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

Plaintiff's amended complaint was dismissed, with leave to amend, for failure to state a claim and identify proper defendants. In his second amended complaint, plaintiff continues to allege denial of adequate dental care while housed at Rio Cosumnes Correctional Center. Plaintiff has attempted to name the correct defendants, but only identified the dentists whom he claims denied him care as Doe #1 and Doe #2. He further claims Kathryn Gonzales interfered with the processing of his grievance by misdirecting it.

## II. DISCUSSION

As plaintiff was previously informed, the treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official

1 violates the Eighth Amendment only when two requirements are met: (1) objectively, the
2 official's act or omission must be so serious such that it results in the denial of the minimal
3 civilized measure of life's necessities; and (2) subjectively, the prison official must have acted
4 unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.
5 Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable
6 mind."  See id.

7        Deliberate indifference to a prisoner's serious illness or injury, or risks of serious
8 injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at
9 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental
10 health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is
11 sufficiently serious if the failure to treat a prisoner's condition could result in further significant
12 injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d
13 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).
14 Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition
15 is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily
16 activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See
17 Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

18        The requirement of deliberate indifference is less stringent in medical needs cases
19 than in other Eighth Amendment contexts because the responsibility to provide inmates with
20 medical care does not generally conflict with competing penological concerns.  See McGuckin,
21 974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to
22 decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.
23 1989).  The complete denial of medical attention may constitute deliberate indifference.  See
24 Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical
25 treatment, or interference with medical treatment, may also constitute deliberate indifference.
26 See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also

1    demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

2           Negligence in diagnosing or treating a medical condition does not, however, give
3    rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a
4    difference of opinion between the prisoner and medical providers concerning the appropriate
5    course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh,
6    90 F.3d 330, 332 (9th Cir. 1996).

7           Here, plaintiff contends the dentists, who have not been identified have denied
8    him dental treatment.  While plaintiff may be able to state a claim against those who actually
9    refused him treatment, as discussed below, plaintiff has not yet identified those individuals. An
10   action cannot proceed against unknown individuals.  As to the one individual he has identified,
11   Gonzales, she is an LVN who was not involved with plaintiff's treatment, or lack thereof, but
12   rather was involved in the grievance process as plaintiff attempted to obtain treatment.

13          As to his claims against Gonzales, prisoners have no stand-alone due process
14   rights related to the administrative grievance process.  See Mann v. Adams, 855 F.2d 639, 640
15   (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there
16   is no liberty interest entitling inmates to a specific grievance process).  Because there is no right
17   to any particular grievance process, it is impossible for due process to have been violated by
18   ignoring or failing to properly process grievances.   Numerous district courts in this circuit have
19   reached the same conclusion.  See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999)
20   (finding that failure to properly process grievances did not violate any constitutional right); Cage
21   v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to
22   properly process and address grievances does not support constitutional claim); James v. U.S.
23   Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to
24   amend because failure to process a grievance did not implicate a protected liberty interest);
25   Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that
26   grievance process failed to function properly failed to state a claim under § 1983).  Prisoners do,

however, retain a First Amendment right to petition the government through the prison grievance process. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). Therefore, interference with the grievance process may, in certain circumstances, implicate the First Amendment.

But here, plaintiff does not imply that his First Amendment rights were violated, only that the failure to provide dental treatment violated his Eighth Amendment rights. As such, he cannot state a claim against Gonzales for her involvement in the processing of his inmate grievance. Plaintiff's second amended complaint therefore fails to state a claim against Gonzales.

As stated above, the only other defendants named in the complaint are the Doe dentists, whom plaintiff claims were aware of his need for dental care and refused him treatment. Plaintiff, however, has been unable to identify these individuals, naming them as Doe defendants. Doe defendants are not favored in the Ninth Circuit as a general policy. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980). However, in situations where the identity of a defendant is not known prior to the filing of a complaint, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Id. (citing Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir.1978); see also Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). It is not clear in case whether plaintiff will be able to identify the Doe defendants. However, plaintiff will be provided an opportunity to attempt to identify the individuals prior to the dismissal of his case in its entirety. Plaintiff will have 60 days in which to utilize what ever means are available to him, including Federal Rule of Civil Procedure 26 and 45, in order to discover the names of the individuals involved in the denial of his treatment. Once those individuals are identified, plaintiff shall file an amended complaint identifying the defendant or defendants. Plaintiff is cautioned that an amended complaint must be complete in itself without reference to any prior pleading. See Local Rule 220. If plaintiff is successful in identifying his defendants and files an amended complaint, the court cannot refer to the prior

1  pleading in order to make plaintiff's amended complaint complete.  See id.

2  Finally, plaintiff is cautioned that service cannot be completed against an
3  unknown defendant.  It is plaintiff's burden to identify the defendants in order to serve the
4  complaint.  If he is unable to do so, he may request extra assistance, but will be required to
5  inform the court what he has done to determine the name of his defendants.  Until such time as a
6  defendant is identified, this case cannot proceed.

### III.  CONCLUSION

8  Plaintiff's complaint fails to state a claim against Gonzales, the only individual
9  identified in the second amended complaint.  Plaintiff no longer names either Scott or Padilla as
10  defendants in this action. Plaintiff may be able to state a claim against the unknown dentists, but
11  before the court can order service to be completed, those individuals must be identified.  Plaintiff
12  will have 60 days to identify the unknown defendants and file an amended complaint.  Plaintiff is
13  informed that the amended complaint must allege in specific terms how each named defendant is
14  involved, and must set forth some affirmative link or connection between each defendant's
15  actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);
16  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

17  Finally, plaintiff is warned that failure to file an amended complaint within the
18  time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at
19  1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply
20  with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).
21  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

22  Accordingly, IT IS HEREBY ORDERED that:

23  1. Defendant Gonzales is dismissed from this action as plaintiff fails to state
24  a claim against her upon which relief can be granted;

25  / / /

26

2. The Clerk of the Court shall terminate defendants Scott and Padilla as defendants in this action as they were not named in plaintiff's second amended complaint;

3. Plaintiff's has 60 days from the date of this order to identify his Doe defendants, through any available means including Federal Rules of Civil Procedure 26 and 45, and file an amended complaint; and

4. If plaintiff fails to file an amended complaint identifying his Doe defendants within 60 days of the date of this order, the complaint will be dismissed and this action closed.

DATED: May 8, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE